IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KAREEM M. STONE, #449627,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   Case No. 21-cv-01122-JPG |
| **ST. CLAIR COUNTY JAIL,** | ) |
| **RICHARD WATSON,** | ) |
| **and SGT. NICHOLS,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Kareem Stone, an inmate at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from an inmate attack at the Jail on May 8, 2021. (Doc. 1). Plaintiff claims that officers failed to provide him with adequate medical treatment for injuries he sustained in the first attack and also failed to protect him from a second attack. (*Id*.). In his request for relief, Plaintiff simply asks that the Court "find in his favor." (*Id*.).

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Based on the allegations summarized above, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** Defendants failed to intervene and protect Plaintiff from inmate attacks at the Jail on or around May 8, 2021, in violation of his rights under the Eighth and/or Fourteenth Amendments.

**Count 2:** Defendants denied Plaintiff adequate medical care for injuries he sustained during inmate assaults that occurred at the Jail on or around May 8, 2021, in violation of his rights under the Eighth and/or Fourteenth Amendments.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

As a preliminary matter, the Court must determine what legal standard governs Plaintiff's claims. Both claims are governed by the Fourteenth Amendment Due Process Clause, if Plaintiff was a pretrial detainee when his claims arose. These same claims are governed by the Eighth Amendment prohibition against cruel and unusual punishment, if Plaintiff was a convicted prisoner. Either way, the Court must construe the allegations of the *pro se* Plaintiff liberally at this stage. *Rodriguez*, 577 F.3d at 821. When doing so, the Court finds that the allegations support no claim against the defendants.

**Count 1**

In order to articulate a claim against the defendants for failing to protect the plaintiff from inmate assaults, a pretrial detainee must allege facts which suggest that each defendant acted purposefully, knowingly, or recklessly with regard to his risk of assault and that each defendant's conduct was objectively unreasonable. *See Wilson v. Cook County, Ill.*, 2020 WL 5642945, at *2 (N.D. Ill. Sept. 22, 2020) (citing *Gosser v. McCorkle*, 2020 WL 1244470, at *8 (S.D. Ind. Mar.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

16, 2020)). In the context of a prisoner, a failure-to-protect claim arises where an inmate is incarcerated in conditions of confinement posing a substantial risk of serious harm to him, and the defendant acts with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). This claim requires a plaintiff to allege a "tangible threat to his safety or well-being" and a "substantial risk of future harm." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011).

Plaintiff satisfies neither of these standards at screening. The complaint includes no statement of claim or request for relief. Although Plaintiff includes several grievances that he filed in connection with two inmate attacks, Plaintiff does not mention the defendants in connection with either inmate attack or describe their role in the denial of his medical care. And, Plaintiff cannot bring a claim against a defendant by naming the person as a party in the case caption of the complaint. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). He must name each individual as a defendant in the complaint *and* set forth allegations in the statement of claim describing each individual's involvement in a constitutional deprivation. *Twombly*, 550 U.S. at 570. Under the circumstances, Count 1 fails to state any claim for relief and shall be dismissed without prejudice.

**Count 2**

In order to articulate a claim based on the denial of medical care, a pretrial detainee must show that the defendants acted purposely, knowingly, or recklessly when they denied Plaintiff medical care and that the denial was also objectively unreasonable. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352-54 (7th Cir. 2018)). A prisoner must show that he suffered from an objectively serious medical condition, and the defendants responded to it with deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's grievances describe injuries (*i.e.*, a shattered elbow, head injuries, vision loss, *etc.*) that satisfy both standards at screening. However, he fails to mention any defendant in connection with his medical claim. He instead names the jail, the sheriff, and a sergeant as defendants. It appears that these defendants played little or no role in the denial of his medical care. The claim appears to stem from action or inaction by their subordinates, who are not named as parties. Because *respondeat superior* liability is not recognized under Section 1983, *Vance v. Peters*, 97 F.3d 987, 990 (7th Cir. 1996), Plaintiff must name the individuals who denied him medical care as defendants. He must also set forth allegations in the statement of claim describing what each individual did, or failed to do, in violation of his rights. Having failed to identify these individuals or describe their misconduct, the Complaint fails to state a claim for relief against anyone. Count 2 shall be dismissed without prejudice against the defendants.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief against the defendants. **COUNTS 1** and **2** are **DISMISSED without prejudice** against the defendants.

On or before **December 13, 2021**, Plaintiff is **GRANTED** leave to file a "First Amended Complaint." Should he fail to file an amended complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-01122-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The amended complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The amended complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files an amended complaint.  28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED**.

    **DATED: 11/15/2021**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **United States District Judge**