IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KAREEM M. STONE, #Y22908, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-01122-JPG |
| | ) | |
| RICHARD WATSON, | ) | |
| SGT. NICHOLS, | ) | |
| M. JOHNSON, and | ) | |
| JANELLE SHWARTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Kareem Stone.  (Doc. 19).  Plaintiff is an inmate in the custody of the Illinois Department of Corrections (IDOC) and is currently incarcerated at Big Muddy River Correctional Center.   He brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with two inmate attacks at St. Clair County Jail (Jail) on May 8-9, 2021.  Plaintiff seeks declaratory, monetary, and injunctive relief.[1]  (*Id.*).

The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from

---

[1] Plaintiff is no longer housed at St. Clair County Jail and does not allege that he anticipates returning there. He also does not specify what injunctive relief he needs during the pending action or at the close of this case.  The request for injunctive relief and the official capacity claims against defendants stemming from this request shall be **DISMISSED without prejudice**.

1

such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this early stage, all allegations are liberally construed in favor of the *pro se* plaintiff.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

The First Amended Complaint sets forth the following allegations (Doc. 19): During his pretrial detention at the Jail, Plaintiff was attacked twice by other inmates.  The first attack occurred on May 8, 2021, and the second on May 9, 2021.  Plaintiff claims that the defendants failed to protect him from the predictable and avoidable assaults, and they also denied him adequate medical treatment for his injuries.  (*Id*.).

On May 8, 2021, three members of the gangster disciples gang pushed Plaintiff to the floor, pinned him down, and punched and kicked him repeatedly.  He sustained serious injuries to his head, neck, arms, and back.  In the weeks leading up to it, Plaintiff notified all of the defendants that members of the gang threatened to physically harm or kill him on April 24, 2021, April 26, 2021, May 1, 2021, and May 6, 2021.  However, Sheriff Watson, Sergeant Nichols, M. Johnson, and Counselor Shwartz failed to intervene and stop the escalating threat to his safety.  (*Id*.).

Following the first attack, these defendants also denied Plaintiff adequate medical care for his injuries.  They escorted him to and from the medical unit, but the nurse took no steps to treat him while there.  She simply took photos of Plaintiff's face, arm, elbow, and back, and she took notes about his head injury.  When he complained of a possible concussion, nausea, vomiting, and difficulty breathing, she gave him Tylenol and sent him back to his cell.  Despite his pleas for additional medical treatment, Plaintiff was not allowed to see a doctor.  (*Id*.).

Although he moved to another cell that evening, Plaintiff was denied medical care for symptoms that included increased bodily pain accompanied by severe headaches.  He called for help, but a female deputy refused his requests for further treatment.  (*Id.*).

On May 9, 2021, Plaintiff told his mother about the first assault and denial of medical care, and she contacted the Jail to request help.  Major Grimes and Captain Collins assured her that they would take care of the situation.  After both high-ranking officials spoke with Plaintiff about the first attack, they sent him back to his cell, where he immediately faced new threats from two detainees who objected to his earlier interaction with the female deputy.  The detainees entered his cell and stole his personal property.  When Plaintiff tried to stop them, they attacked him.  (*Id.*).

During the second assault on May 9, 2021, Plaintiff sustained additional injuries.  Deputy Baker and another unknown deputy entered his cell, handcuffed Plaintiff, and escorted him to the law library.  Plaintiff informed Deputy Baker that "they are trying to kill me.  Just let them get it over with because I'm tired of getting jumped."  (*Id*. at 9).  Deputy Baker contacted Sergeant Nichols, who instructed the deputy to put Plaintiff on suicide watch.  (*Id.*).

When Sergeant Nichols and a nurse met Plaintiff in the suicide watch cell, he again requested medical treatment for his injuries and suspected concussion.  Sergeant Nichols merely laughed at the request.  When Plaintiff again requested treatment from a nurse that evening, he was given ibuprofen and nothing else.  He remained on suicide watch for the next ten days.  (*Id.*).

## **Preliminary Dismissals**

Plaintiff refers to the following individuals who are not named as defendants: Major Grimes, Captain Collins, Deputy Baker, unknown deputies, and unknown nurses, among others.  The Court will not add any defendants to this action.  When parties are not listed in the case caption, the Court will not treat them as defendants, and all claims against them are considered

dismissed without prejudice.  *See* FED. R. CIV. P. 10(a) (title of complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 51-52 (7th Cir. 2005) (to be considered a proper party, defendant must be "specif[ied] in the caption").  Accordingly, all claims against these individuals shall be considered dismissed without prejudice from this action.

## Discussion

Based on the allegations summarized above, the Court finds it convenient to designate the following enumerated counts in the *pro se* First Amended Complaint:

| | |
|---|---|
| **Count 1:** | Defendants failed to intervene and protect Plaintiff from the first inmate attack that occurred at the Jail on or around May 8, 2021, in violation of his rights under the Fourteenth Amendment. |
| **Count 2:** | Defendants denied Plaintiff adequate medical care for injuries he sustained in the first inmate attack that occurred at the Jail on or around May 8, 2021, in violation of his rights under the Fourteenth Amendment. |
| **Count 3:** | Defendants failed to intervene and protect Plaintiff from the second inmate attack that occurred at the Jail on or around May 9, 2021, in violation of his rights under the Fourteenth Amendment. |
| **Count 4:** | Defendants denied Plaintiff adequate medical care for injuries he sustained following the second inmate attack that occurred at the Jail on or around May 9, 2021, in violation of his rights under the Fourteenth Amendment. |

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Counts 1 and 3

In order to articulate a claim against the defendants for failing to protect him from an assault, the pretrial detainee must allege facts which suggest that each defendant acted purposefully, knowingly, or recklessly with regard to his risk of assault and that each defendant's

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

conduct was objectively unreasonable.[3] *See Wilson v. Cook County, Ill.*, 2020 WL 5642945, at \*2 (N.D. Ill. Sept. 22, 2020) (citing *Gosser v. McCorkle*, 2020 WL 1244470, at \*8 (S.D. Ind. Mar. 16, 2020)).  Section 1983 liability hinges on each individual defendant's personal involvement in or responsibility for the constitutional deprivation.

The allegations support a claim in Count 1 against all of the defendants.  Plaintiff alerted each one to verbal and physical threats by the gangster disciples in the days leading up to his first assault, and they took no action to stop the assault that occurred on May 8, 2021.  Count 1 shall proceed against all individual defendants.

Count 3, arising from the second assault on May 9, 2021, shall be dismissed.  This attack occurred after Plaintiff was moved to a different cell, interviewed by high-raking officials, and then returned to his cell to face a new and different threat.  No allegations suggest that Plaintiff's placement in the cell was the decision of a defendant or objectively unreasonable.  And, the second assault occurred without any apparent warning.  Defendants had no notice of the new threat to Plaintiff's safety in time to intervene and stop it.  Count 3 shall be dismissed without prejudice for failure to state a claim against the defendants.

## Counts 2 and 4

In order to articulate a claim for the denial of medical care, a pretrial detainee must demonstrate that the defendants acted purposely, knowingly, or recklessly when they denied Plaintiff medical care and that the denial was also objectively unreasonable.  *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335,

---

[3] Although Plaintiff describes himself as a pretrial detainee triggering application of the Fourteenth Amendment Due Process Clause for Counts 1, 2, 3, and 4, his claims meet with the exact same fate under the Eighth Amendment standard applicable to convicted prisoners.  (*See* Doc. 11) (articulating standard).

352-54 (7th Cir. 2018)).  Count 2 survives screening against all of the defendants because Plaintiff alleges that each one denied him medical care for the injuries he sustained in the first attack.

Count 4 shall proceed against Sergeant Nichols and no one else.  The sergeant was the only individual defendant who denied Plaintiff's request for medical treatment following the second assault on May 9, 2021.  The allegations do not suggest that any other named defendants were involved in this denial of care.  Accordingly, Count 4 shall be dismissed without prejudice against all other defendants for failure to state a claim against them.

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 19) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNTS 1** and **2** will proceed against **ALL DEFENDANTS** in their individual capacities, and **COUNT 4** will proceed against **SERGEANT NICHOLS** in his individual capacity.  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**The Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice against all defendants, and **COUNT 4** is **DISMISSED** without prejudice against all defendants, *except* Sergeant Nichols, for failure to state a claim upon which relief may be granted.  Moreover, Plaintiff's request for injunctive relief is **DISMISSED without prejudice**, as well as the **OFFICIAL CAPACITY** claims against **ALL DEFENDANTS** stemming from said request.

**IT IS ORDERED** that the Clerk of Court shall prepare for **RICHARD WATSON, M. JOHNSON, SERGEANT NICHOLS**, and **JANELLE SHWARTZ**, in their individual capacities only: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons),

and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 19), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/7/2022**

<u>**s/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**United States District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**