# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KAREEM M. STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:21-cv-01122-GCS |
| RICHARD WATSON, DAVID | ) | |
| NICHOLS, MARLAND JOHNSON, | ) | |
| JANELLE BLOODWORTH, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and L.R. 7.1(c). (Doc. 45). Defendant Janelle Bloodworth ("Bloodworth") filed the Motion to Dismiss and Memorandum of Law in Support on August 8, 2022, claiming that Plaintiff, Kareem Stone did not convey any facts that "rise above the speculative level" to support his claims against her. *Id.* at p. 2. Plaintiff filed a response on October 6, 2022. (Doc. 60). For the reasons set forth below, the Motion to Dismiss is **DENIED.**

### BACKGROUND

Plaintiff is currently an inmate in the custody of the Illinois Department of Corrections ("IDOC") incarcerated at Big Muddy River Correctional Center ("Big Muddy River CC"). He brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. 1). On September 10, 2021, Plaintiff filed his Initial Complaint

alleging that officers failed to provide him with adequate medical treatment for injuries he sustained in an inmate attack that allegedly occurred on or around May 8, 2021; those same officers also failed to protect him from a second attack. (Doc. 11, p. 1). Plaintiff's Initial Complaint was dismissed without prejudice on September 27, 2021, for failure to state a claim upon which relief could be granted. *Id*. at p. 3–4. Plaintiff was granted leave to file a First Amended Complaint, and he did so on January 21, 2022. (Doc. 19).

In the First Amended Complaint, Plaintiff reasserted that Defendants failed to provide him with adequate medical treatment for injuries he sustained in the first attack. (Doc. 19). Plaintiff further asserted that the Defendants failed to protect him from the second attack. *Id*. Regarding Defendant Bloodworth,[1] Plaintiff specifically states that he was seen by her on April 29, 2021. (Doc. 19, p. 4). Plaintiff alleges that he told Bloodworth about the threats inmates had made towards him and that he did not feel safe living on his unit. *Id*. Bloodworth reportedly indicated to Plaintiff that if anything happened to him that she would report it. *Id.* Later, Plaintiff notified Bloodworth about a possible "gang hit" on his life. *Id*. at p. 5. In his request for relief, Plaintiff simply asks that the Court "find in his favor." *Id*.

Following a Second Merit Review Order pursuant to 28 U.S.C. § 1915(a), Plaintiff was allowed to proceed against Defendants through the following counts:

**Count 1:** Defendants failed to intervene and protect Plaintiff from the first inmate attack that occurred at the Jail on or around May 8, 2021, in violation of his rights under the Fourteenth Amendment.

---

[1]     Defendant Janelle Bloodworth was misidentified as Janelle Shwartz in the First Amended Complaint. (Doc. 19).

**Count 2:** Defendants denied Plaintiff adequate medical care for injuries he sustained in the first inmate attack that occurred at the Jail on or around May 8, 2021, in violation of his rights under the Fourteenth Amendment.

**Count 3:** Defendants failed to intervene and protect Plaintiff from the second inmate attack that occurred at the Jail on or around May 9, 2021, in violation of his rights under the Fourteenth Amendment.

**Count 4:** Defendants denied Plaintiff adequate medical care for injuries he sustained following the second inmate attack that occurred at the Jail on or around May 9, 2021, in violation of his rights under the Fourteenth Amendment.

(Doc. 22, p. 4). Only Counts 1 and 2 are proceeding against Defendant Bloodworth.

*Id.* at p. 5–6. The Screening Order dismissed Counts 3 and 4 against her. *Id.*

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the Complaint, not its merits. *See* FED. R. CIV. PROC. 12(b)(6); *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001). *Accord Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)(noting that Rule 12(b)(6) dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). To survive a motion to dismiss, the complaint must allege facts sufficient to "'state a claim to relief

that is plausible on its face' and 'raise a right to relief above the speculative level.'"
*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

Before proceeding to analyze Defendant's Motion to Dismiss under Rule 12(b)(6), the Court notes that it primarily views this Motion as a motion to reconsider governed by Rule 59 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. PROC. 59(e). Defendant's Motion is best categorized as a motion to reconsider because Defendant is requesting the Court to dismiss claims it already found could proceed through its June 7, 2022, screening order. (Doc. 22). Altering or amending through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and internal quotations omitted). Thus, a Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015) (citations and internal quotations omitted). The motion is not meant to serve as an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). As Defendant's motion seeks to dismiss claims, which the Court already found

could proceed, the Court must deny the motion under this standard.[2]

Even proceeding with a 12(b)(6) analysis, the Court would nevertheless deny the motion under this standard as well. In the Motion to Dismiss, Defendant first argues that Plaintiff did not provide facts sufficient to state a claim against Defendant Bloodworth in Count 1. (Doc. 46, p. 4).  Specifically, Defendant asserts that the First Amended Complaint fails to provide sufficient detail to show that Defendant acted with conscious disregard of any risk to Plaintiff; as such, dismissal is warranted. *Id.* On a failure to protect claim, "it is not enough to allege that a defendant might have known, probably should have known, or could have learned about a substantial risk of serious harm posed by a fellow detainee." *Phipps v. Collman, et al.*, Case No. 16-cv-00857-JPG, 2017 WL 770163, at *3 (S.D. Ill. Feb. 28, 2017). Defendant contends that the First Amended Complaint is devoid of details on whether Bloodworth even received the request from Plaintiff. Therefore, Defendant asks the Court to dismiss the claim against her.

The Court disagrees. At this stage, Plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). To survive a 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. In order to articulate a claim against the defendants for failing to protect him from an assault, the pretrial detainee must allege facts which suggest that each defendant acted purposefully,

---

[2]     Defendant also failed to comply with the procedural requirements of Rule 59(e). Under Federal Rule of Civil Procedure 59(e), a party must file a motion to alter or amend 28 days after entry of the relevant order. *See* FED. RUL. CIV. PROC. 59(e). Here, Defendant failed to file the motion in a timely manner. Defendant filed the present motion on August 8, 2022, which is more than 60 days after the June 7, 2022, screening order was issued. (Doc. 45).

knowingly, or recklessly with regard to his risk of assault and that each defendant's conduct was objectively unreasonable. *See Wilson v. Cook County, Ill.*, No. 19 C 7824, 2020 WL 5642945, at *2 (N.D. Ill. Sept. 22, 2020) (citing *Gosser v. McCorkle*, Case No. 1:17-cv-03257-TWP-MPB, 2020 WL 1244470, at *8 (S.D. Ind. Mar. 16, 2020)). Section 1983 liability hinges on each individual defendant's personal involvement in or responsibility for the constitutional deprivation. (Doc. 22, p. 4–5).

It is clear from the record that Plaintiff took the appropriate steps to alert Defendant of verbal and physical threats by the gangster disciples in the days leading up to his first assault. (Doc. 19, p. 5). The First Amended Complaint alleges that Plaintiff sent a request to Defendant that notified her of a possible inmate attack. *Id*. Plaintiff provides sufficient evidence to support the allegation that Defendant had knowledge of an impending assault on Plaintiff and failed to intervene before it occurred. *Id*. Thus, the Court finds that the First Amended Complaint does state a claim and Count 1 shall proceed.

Defendant also asserts a similar argument for Count 2. (Doc 46, p. 4–5). There, Defendant argues that the First Amended Complaint fails to state how she denied Plaintiff adequate medical care for the injuries Plaintiff sustained on May 8, 2021. *Id*. Plaintiff provides no factual content to which a reasonable inference can be drawn that Defendant had any involvement in Plaintiff receiving medical care. Therefore, Defendant asks the Court to dismiss Count 2.

In order to articulate a claim for the denial of medical care, a pretrial detainee must demonstrate that the defendants acted purposely, knowingly, or recklessly when they

denied Plaintiff medical care and that the denial was also objectively unreasonable. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352–354 (7th Cir. 2018)).

The First Amended Complaint alleges that Defendant Bloodworth denied Plaintiff adequate medical care for his injuries sustained during the attack occurring on May 8, 2021. (Doc. 19, p. 11). Plaintiff's grievances describe severe injuries, such as a shattered elbow, head injuries, and vision loss. *Id.* at p. 19. The Court finds that Plaintiff's claim alleged in the First Amended Complaint satisfy the requirement of facial plausibility as stated in *Bell Atlantic Corp.,* 550 U.S. at 555. Given these facts, the Court finds Plaintiff adequately stated a claim, and the motion to dismiss Count 2 is also denied.

CONCLUSION

For the reasons stated above, the Motion to Dismiss filed by Defendant Bloodworth is **DENIED**. (Doc. 45).

**IT IS SO ORDERED.**

**DATED:  March 6, 2023.**

Digitally signed by
Judge Sison
Date: 2023.03.06
14:58:14 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**