UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREEM M. STONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01122-GCS |
| | ) |
| RICHARD WATSON, | ) |
| DAVID NICHOLS, | ) |
| MARLAND JOHNSON, | ) |
| and JANELLE BLOODWORTH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On September 10, 2021, Plaintiff Kareem Stone, an inmate of the Illinois Department of Corrections ("IDOC") incarcerated at Big Muddy River Correctional Center ("Big Muddy"), filed his complaint pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred at the St. Clair County, Illinois Jail. (Doc. 1). Stone alleges that officers failed to provide him with adequate medical treatment for injuries he sustained in an inmate attack that allegedly occurred on or around May 8, 2021, and that those same officers also failed to protect him from a second attack. (Doc. 11, p. 1). The Court dismissed Plaintiff's initial complaint without prejudice for failure to state a claim, but granted Plaintiff leave to amend. (Doc. 11). Plaintiff filed the amended complaint on January 21, 2022. (Doc. 19).

Following a second merit review pursuant to 28 U.S.C. § 1915(a), the Court allowed Plaintiff to proceed on the following counts:

> **Count 1** – All Defendants failed to intervene and protect Plaintiff from the first inmate attack that occurred at the jail on or around May 8, 2021, in violation of his rights under the Fourteenth Amendment.
>
> **Count 2:** All Defendants denied Plaintiff adequate medical care for injuries he sustained in the first inmate attack that occurred in the jail on or around May 8, 2021, in violation of his rights under the Fourteenth Amendment.
>
> **Count 4:** Defendant Nichols denied Plaintiff adequate medical care for injuries he sustained following the second inmate attack that occurred at the jail on or around May 9, 2021, in violation of his rights under the Fourteenth Amendment.

(Doc. 22, p. 4-6). Thereafter, on March 6, 2023, the Court denied Defendant Bloodworth's motion to dismiss. (Doc. 70).

Pending before the Court is an October 5, 2022, motion for summary judgment for failure to exhaust administrative remedies filed by Defendants Johnson, Nichols, and Watson (Doc. 54, 55) and an October 5, 2022, motion for summary judgment for failure to exhaust administrative remedies filed by Defendant Bloodworth. (Doc. 56, 57). All Defendants filed the required Federal Rule of Civil Procedure 56 notice to inform Plaintiff of the consequences of failing to respond to the motion for summary judgment. (Doc. 55, 58).

On February 13, 2023, the Court, *sua sponte*, entered an order allowing Plaintiff up to and including March 6, 2023, to respond to the motions for summary judgment. (Doc. 69). It further warned Plaintiff that the failure to respond could result in judgment being entered in favor of Defendants and against Plaintiff. *Id.* As of this date, Plaintiff, after being granted the extension of time to respond to the motions has not responded to the

motions for summary judgment.[1] For the following reasons, the Court **GRANTS** the motion.

### DISCUSSION

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This Court has approximately 95 cases before it. The expedient resolution of both this case, and the numerous other cases on the Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines.

As stated before, Plaintiff has not responded to the motions despite being warned through Defendants' Rule 56 Notices and being given an extension of time to respond. In fact, the Court warned Plaintiff that "[t]his is the final extension of time to respond to the motions." (Doc. 69). The time to respond to the motions has passed, and Plaintiff has not filed responses in opposition. The Court considers Plaintiff's failure to respond as an admission of the merits of the motions filed by Defendants. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288

---

[1] Pursuant to Local Rule 7.1(c), Plaintiff's lack of a response could be interpreted as an admission of the merits of the motion.

(7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Based on this admission and the record before the Court, the Court finds that Defendants are entitled to summary judgment for failure to exhaust administrative remedies on the claims brought against them.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions for summary judgment. (Doc. 54, 56). Thus, the Court **DISMISSES without prejudice** Plaintiff's claims in Counts 1, 2 and 4 against Defendants for failure to exhaust administrative remedies. The Court **DIRECTS** the Clerk of the Court to enter judgment and close the case.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: (1) he may request this Court review this order; or (2) he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court to review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Northwestern Med. Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must establish either manifest error of law or fact, or that newly discovered

evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not toll the time for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transportation, Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 30 days*. *See* FED. R. APP. PROC. 4(a)(1)(A) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit

is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:  March 23, 2023.**

Digitally signed by Judge Sison
Date: 2023.03.23 14:43:14 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**